IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-024-GMS |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Richard Taylor ("Taylor"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and has paid the filing fee. Pending before the court are the parties' cross-motions for summary judgment.

## II. BACKGROUND

The following is taken from *Taylor v. Carroll*, 2006 WL 278542 (D. Del. Feb. 6, 2006):

> In October 1971, a Superior Court jury convicted Taylor of first degree kidnaping and first degree rape. The Superior Court sentenced him to two concurrent life terms of imprisonment. *Taylor v. State*, 298 A.2d 332 (Del. 1972). Taylor was released on parole in June 1986. On April 30, 1993 Taylor was arrested, and subsequently pled guilty to possession of cocaine. He was sentenced to one year of imprisonment, immediately suspended for probation. After several more arrests and convictions, Taylor's parole was finally revoked in January 1999.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

> However, he was immediately re-paroled to Crest, a Level IV treatment program, followed by Level III supervision. Taylor violated the conditions of his supervision, and his parole was revoked in July 2000. The Parole Board placed Taylor at Level IV home confinement, followed by Level III supervision. Taylor again violated the terms of his supervision, and his parole was revoked in June 2001. In March 2003, Taylor was paroled to Level IV work release and the Crest program, followed by Level II supervision. Once again, Taylor violated the conditions of his supervision, and his parole was revoked on May 8, 2004.

*See Taylor v. Carroll*, 2006 WL 278542, at *1. Since then, Taylor has been denied parole on March 26, 2008 and May 16, 2012. *See Taylor v. Henderson*, Civ. No. 12-1105-GMS, at D.I. 8, exs. B, C.

Taylor alleges that the defendants[2], who are sued in the individual and official capacities have: (1) failed to fully and adequately award and calculate good time and meritorious credits he accrued; (2) failed to disclose and follow certain DOC and Bureau of Prisons ("BOP") administrative regulations, policies, and procedures in connection with inmate good time and meritorious time credits and inmate classification systems promulgated that directly pertain to his right to good time and meritorious time credits and classification; (3) violated Taylor's rights under the Eighth Amendment and Fourteenth Amendments to the United States Constitution by withholding good time and meritorious time credits; and (4) are attempting to carry out a scheme to deny Taylor's good time and meritorious time credits by applying Delaware's Truth in Sentencing Act of 1989 ("TIS") which is inapplicable because he was sentenced in 1971.

---

[2]Carl Danberg, former Commissioner of the Delaware Department of Correction ("DOC") and Perry Phelps, former warden at the VCC are the named defendants. Taylor also named as defendants John/Jane Does at DOC Center Offender Records. The Doe defendants have never been identified by Taylor.

2

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the clams in question. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir. 1989). Pursuant to Rule 56(c)(1), a non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . ." Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a

3

reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 247-249. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586-587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322. The same standards and burdens apply on cross-motions for summary judgment. *See Appelmans v. City of Philadelphia*, 826 F.2d 214, 216 (3d Cir. 1987).

Taylor moves for summary judgment on the grounds that the defendants are violating his right to due process and imposing cruel and unusual punishment by denying him good time and meritorious time that is legally part of his sentence.[3] (D.I. 20.) The defendants move for summary judgment on the grounds that: (1) the allegations are insufficient to maintain § 1983 claims as the claims are barred by *Heck v. Humphrey* and the defendants are named because of their supervisory positions; (2) they have qualified immunity; (3) the underlying substantive state claim is frivolous; (4) this court lacks jurisdiction by reason of the *Rooker-Feldman* doctrine; and (5) Taylor's remedy for challenging his conviction and/or sentence is by filing of a habeas corpus petition.

---

[3]Taylor submitted a letter from the Superior Court of the State of Delaware in support of his position. The court notes that the letter is not directed to Taylor, but was sent to inmate Rashad Serifuddin El and discusses Serifuddin's petition for a writ of mandamus directed to the Board of Parole. (D.I. 20, ex. A.)

## IV. DISCUSSION

### A. *Heck v. Humphrey*

In Taylor's motion for summary judgment, he distilled his numerous issues down to one, as follows: the defendants are violating his right to due process and imposing cruel and unusual punishment by denying him good time and meritorious time that is legally part of his sentence. (D.I. 20 at 2.) The defendants move for summary judgment on the grounds that the complaint is barred by reason of *Heck v. Humphrey*.

Taylor's action is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated. Absent the prior invalidation of a state confinement, a § 1983 action for damages or equitable relief is unavailable if success in that action would imply the invalidity of the fact or duration of the confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (holding that where success in a § 1983 action would imply the invalidity of a decision to revoke parole that has not been otherwise rendered invalid, the action is *Heck*-barred); *cf. Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a prisoner did not present a claim that was cognizable under 42 U.S.C. § 1983 when he sought a declaration that the procedures used by prison officials at his hearing to revoke good time credits violated his right to due process). Because Taylor seeks

damages for allegedly unconstitutional imprisonment, *Heck* requires Taylor's success in attacking the calculation of the sentence before he may properly bring suit pursuant to § 1983. *See Edwards v. Balisok*, 520 U.S. at 646.

The record reflects that Taylor sought relief from the State Court via a petition for writ of mandamus claiming he was entitled by statute to early release or "good time" credit. The Superior Court of the State of Delaware in and for New Castle County found that Taylor failed to establish a clear legal right to relief and that his proper remedy was to petition the Board of Parole for relief. On appeal, the Delaware Supreme Court observed that it was undisputed that Taylor's life sentences were imposed prior to the enactment of the TIA and allow for the possibility of parole. The Delaware Supreme Court went on to note that it had "previously determined that, with respect to an inmate serving a pre-TIS life sentence with the possibility of parole, good time credits apply only to accelerate a parole eligibility date, not to shorten the length of the sentence. Thus, in the absence of Taylor's clear right to the relief he seeks, *i.e.*, the "reduction of" his life sentences," the Delaware Supreme Court concluded that Taylor was not entitled to mandamus relief. *Taylor v. Danberg*, 31 A.3d 77, 2011 WL 5137182 (Del. 2011) (unpublished).

Taylor also filed a motion to alter or amend the Superior Court's ruling but, before it could rule on the motion, he filed his appeal to the Delaware Supreme Court. *Taylor v. Danberg*, 2012 WL 1415642 (Del. Super. 2012). Therein, Taylor argued that the Parole Board applied the wrong good time credit rule. In denying the motion, the Superior Court stated, that to the extent it accepted Taylor's arguments, it did not change the outcome. *Id.* at *1. The Superior Court observed that "[b]ecause [Taylor] was sentenced before Truth-in-Sentencing, parole is the only

way he may be released from prison, in this context, his good time credits do not warrant immediate release." *Id.*

Taylor has not proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Based upon the foregoing, the court concludes that Taylor's complaint is barred by *Heck*. *See Royal v. Durison*, 254 F. App'x 163 (3d Cir. 2007) (State inmate § 1983 action against county officials for damages for alleged failure to recalculate his sentence and to credit him with time served prior to his original sentence in violation of his due process and Eighth Amendment rights barred by *Heck*.). Therefore, the court will grant the defendants' motion for summary judgment as a matter of law.

### B. *Rooker-Feldman*

In the alternative, the court finds that it lacks jurisdiction by reason of the *Rooker-Feldman* doctrine. The defendants argue that the substantive allegations underlying Taylor's claims have been resolved by the Delaware State Courts.

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies in a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain constitutional claims that have been

---

[4]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

7

previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *Whiteford v. Reed*, 155 F.3d 671, 673-74 (3d Cir. 1998). The *"Rooker-Feldman* doctrine precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. Accordingly, to determine whether *Rooker-Feldman* bars [a] federal suit requires determining exactly what the state court held . . . If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." *Whiteford*, 155 F.3d at 674 (citation omitted).

Taylor filed the instant case two and one-half months following the Delaware Supreme Court's ruling that he was not entitled to mandamus relief to apply accrued good time credits towards the reduction of his life sentences. Here, he claims that the defendants are violating his right to due process and imposing cruel and unusual punishment by denying him good time and meritorious time that is legally part of his sentence. The issues are inextricably intertwined given that Taylor's goal is an early release based on a recalculation of his good time credits and meritorious credits. By filing the instant case, Taylor is essentially asking this court to disrupt the State Court rulings that denied his petition for a writ of mandamus. Taylor's claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.

## V. CONCLUSION

For the above reasons, the court will deny the plaintiff's motion and will grant the

defendants' motion as the claim is barred by *Heck v. Humphrey*.[5] In the alternative, the court will dismiss the complaint for lack of jurisdiction by reason of the *Rooker-Feldman* doctrine. The court will dismiss all Doe defendants inasmuch as the plaintiff failed to identify them.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

__Sept 8__, 2014
Wilmington, Delaware

---

[5]The court sees no need to address the other grounds for summary judgment raised by the parties.